UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
by one of its Trustees SAL ALLADEEN,

           19 Civ.

    Plaintiff,

    -against-                                      COMPLAINT

THE LUTHERAN ALL FAITHS CEMETERY,

    Defendant.
-----------------------------------------------------------X

       Plaintiff U.S.W.U. LOCAL 74 WELFARE FUND, by one of its Trustees SAL ALLADEEN, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant THE LUTHERAN ALL FAITHS CEMETERY, alleges the following:

## NATURE OF ACTION

    1.    This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §152 *et seq.*, to compel defendant make benefit fund contributions on behalf of its employees in accordance with applicable law, governing trust fund documents, and collective bargaining agreements and extensions thereof.

## JURISDICTION

    2.    Jurisdiction over this action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

    3.    Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the Plaintiff benefit plans are administered in this District.

1

## PARTIES

4. At all times relevant herein, the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1). Sal Alladeen is a Trustee of the WELFARE FUND and appears in his representative capacity.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, Defendant THE LUTHERAN ALL FAITHS CEMETERY ("ALL FAITHS"), was a New York not for profit corporation operating a cemetery with principal executive offices located at 67-29 Metropolitan Avenue, Middle Village, New York 11379.

7. At all times relevant herein, ALL FAITHS was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8. At all times relevant herein, ALL FAITHS employed workers who are represented by Local 74, United Service Workers Union, IUJAT ("Local 74"), for collective bargaining purposes (said workers referred to herein as "Local 74 bargaining unit workers").

9. At all times relevant herein, there were in force and effect collective bargaining agreements and extensions thereof by and between Local 74 and ALL FAITHS, establishing terms and conditions of employment of Local 74 bargaining unit workers, including that ALL FAITHS is required to make monthly contributions in specified amounts to the WELFARE FUND on behalf of covered employees.

10. At all times relevant herein, there were in force and effect Trust Agreements establishing the Plaintiffs with which ALL FAITHS is required to comply.

11. At all times relevant herein, there were in force and effect delinquent contribution collections policies adopted by the WELFARE FUND with which ALL FAITHS is required to comply.

12. At all times relevant herein there were in force and effect Trustee resolutions of the WELFARE FUND with which ALL FAITHS was required to comply by virtue of the Trust Agreements of the Plaintiffs, among other documents, and applicable law.

## COUNT I

13. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

14. Despite due demand therefor, ALL FAITHS has failed and/or refused to make required contributions to the WELFARE FUND for various months, including July, August, September, October, 2019, in the sum of $63,060, not including interest.

15. Upon information and belief, the failure and/or refusal of ALL FAITHS to make required contributions to the WELFRE FUND for covered employees will continue so that the foregoing delinquency will increase between the date hereof and the time that judgment enters.

16. The failure and/or refusal by ALL FAITHS to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA, including but not limited to Sections 502 and 515, 29 U.S.C. §§1132 and 1145.

17. By reason of the foregoing, the WELFARE FUND is entitled to judgment for the principal amount of the contributions due and owing as of the date judgment enters, together with interest, past due interest, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against ALL FAITHS as follows:

(a) awarding judgment to the WELFARE FUND in the sum of $63,060, or such larger sum as may due and owing as and for the principal amount of unpaid contributions;

(b) interest on the principal amount of the contributions found to be due and owing from the date due until the date paid at the rate of 10% per year, compounded;

(c) liquidate damages of 20% of the principal sum of the contributions found to be due and owing;

(d) awarding Plaintiff's attorneys' fees, costs and expenses of this action; and

(e) such other and different relief as the Court deems proper and just.

Dated: New York, New York
November 25, 2019

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiff
45 Broadway, Suite 2430
New York, New York 10006
(212) 571-7100
gsilverman@odblaw.com
zharkin@odblaw.com